*PETITION TO PROHIBIT SALE OF INTOXICATING LIQUORS (WINTON PLACE).

1. JONES LAW PETITION NOT PRIMA FACIE EVIDENCE OF SUFFICIENCY.

· A petition under the Jones local option law (98 O. L. 68) cannot be taken as *prima facie* evidence of the facts necessary to decide upon its sufficiency, except in the absence of a request upon the part of any elector to be heard.

---

*Affirming *Jones Law, In re Petition*, 53 Bull. 9 (5 O. L. R. 517).

Sale of Intoxicating Liquors (Winton Place).

**2. BURDEN OF PROOF.**

The burden of proving the facts alleged in the petition rests upon the petitioners; and the burden of proving that a signature was procured through fraud or misrepresentation rests upon the party who alleges that he was misled and is asking for the withdrawal of his name from the petition.

**3. NUMBER OF SIGNATURES ESSENTIAL.**

The number of signatures to the petition must equal a majority of the votes cast at the last regular municipal election.

**4. JUDICIAL KNOWLEDGE OF POLITICS OF NEWSPAPERS.**

The court may take judicial knowledge of politics of newspapers in its jurisdiction in which notice of hearing on Jones law petition is published.

**Yeatman & Yeatman,** for the petition.

**J. D. Creed** and **F. P. Muhlhauser,** contra.

**GIFFEN, J.**

Under the act of May 15, 1906 (98 O. L. 68), the provision that "the mayor or judge shall examine the petition at a public hearing" requires a trial or investigation of the facts necessary to decide upon the sufficiency of the petition and in no event shall the petition be taken as *prima facie* evidence of such facts, except upon failure of any person or persons, who are electors of the district, to ask to be heard thereon.

The burden of proving such facts rests upon the petitioners; but if any elector wishes to withdraw his own or authorized signature from the petition, the burden falls upon him to prove to the mayor or judge that it was secured through fraud or misrepresentation.

The petition must be signed or authorized to be signed by as many qualified electors as equal a majority of the votes cast at the last regular municipal election in such residence district.

It is common knowledge in this jurisdiction that the two newspapers known as "The Cincinnati Daily Enquirer" and "The Cincinnati Daily Commercial Tribune" are of opposite party politics, hence the court will take judicial notice of that fact.

Of the thirty-eight petitioners who sought to withdraw their names from the petition upon the ground of misrepresentation that the liquor dealers intended to establish a saloon upon a lot near a church in such residence district, only fifteen were induced, according to their own testimony, to sign such petition by any misrepresentation of a present intention on the part of such dealers to locate a saloon near a church.

The statements made to the other twenty-three petitioners related to facts, the truth or falsity of which could be ascertained by

reading the petition. Many of the petitioners did not, according to their own testimony, rely upon such statements, and none had a right to so rely.

We deem it unnecessary to weigh the evidence in rebuttal on the question of misrepresentations, because if we should find that the fifteen names were improperly counted, there were still enough remaining to equal a majority of the votes cast at the last regular municipal election.

The fifteen names above referred to are as follows:

Isaac J. Fieler, W. J. Williams, Chris. Seibert, James Finn, Adolph Lukens, Fred Schillins, George Maffey, Harry E. Shaffer, Peter Heuel, John Doberrer, Jr., Fred Goetz, Clifford Campbell, George Huber and Philip Kuntz.

While the depositions taken during the progress of the trial were not and could not be filed in accordance with Sec. 5282 Rev. Stat., yet it appears from the whole record which is before us that no prejudice resulted to the plaintiff in error on that account.

The judgment will therefore be affirmed.

**Swing** and **Smith, JJ.,** concur.